DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **NATIONSTAR MORTGAGE, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LARRY DEAN WILCOX, a/k/a Larry Wilcox,** )<br>**and LARISSA WILCOX,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2011-0043 |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

 THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff, Nationstar Mortgage, LLC ("Nationstar") against Defendants Larry Dean Wilcox, a/k/a Larry Wilcox, and Larissa Wilcox (collectively, the "Wilcoxes"). (Dkt. No. 15). For the reasons discussed below, the Court will grant Plaintiff's Motion.

## BACKGROUND

 On April 25, 2011, Nationstar filed a Complaint against the Wilcoxes, alleging causes of action for debt and foreclosure of real property mortgage. Nationstar asserts that Defendant Larry Wilcox defaulted on a Promissory Note and that the Wilcoxes defaulted on a First Priority Mortgage regarding certain property ("the Property") described as:

> Condominium Unit No. 1 of Plantation at Southgate, a Condominium according to Declaration of Condominium dated June 16, 1983 and recorded in the Office of Recorder of Deeds, St. Croix, U.S. Virgin Islands, on June 17, 1983 as Document

No. 2173, together with a 1/18th undivided interest in the common areas and facilities declared in the Declaration to be appurtenant to the above described unit.

(Compl., ¶ 6, Dkt. No. 1). The Complaint alleges that, on June 5, 2006, Larry Wilcox executed and delivered to Coastal Financial Co., LLC ("Coastal") a promissory note (the "Note"), obligating himself to pay the principal amount of $224,000.00, together with interest at a rate of 6.875% per annum, in consecutive monthly installments of $1,471.52 beginning on July 1, 2006. *Id.* ¶¶ 7-8. The Note was subsequently conveyed to Nationstar. *Id.* ¶ 7. To secure payment on the Note, the Wilcoxes granted to Coastal and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Coastal and its successors and assigns, a first priority mortgage over the Property, dated June 5, 2006 (the "Mortgage"), which provided that the Wilcoxes would pay to Nationstar the payments due under the Note. *Id.* ¶¶ 9-10.

The Complaint further alleges that, on or about August 1, 2010, Larry Wilcox defaulted under the terms and conditions of the Note, and the Wilcoxes defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Nationstar gave notice of default to Larry Wilcox by correspondence dated November 17, 2010, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-15. On March 15, 2011, MERS, for itself and as nominee for Coastal, assigned its entire interest in the Property to Nationstar (the "MERS Assignment"). *Id.* ¶ 16.

As to the debt cause of action, the Complaint provides that Larry Wilcox owes Nationstar the sum of $213,226.94 in unpaid principal balance, plus accrued interest from August 1, 2010 to November 17, 2010 in the amount of $5,622.40, which continues to accrue at the rate of $40.16 per diem; late charges in the amount of $294.32; and a total amount due of $219,143.66. *Id.* ¶ 22.

Nationstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it incurs to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 24, 25.

With regard to the foreclosure cause of action, the Complaint provides that Nationstar is the holder of the Mortgage and is entitled to maintain the foreclosure action; that the Wilcoxes are in default under the terms and conditions of the Note and Mortgage; and that Nationstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Larry Wilcox. *Id.* ¶¶ 28-30.

A process server served Larry Wilcox with a copy of the Summons and Complaint by leaving copies with his wife, Larissa Wilcox, at his house on July 12, 2011. (Dkt. No. 6). The same process server served Larissa Wilcox personally with a copy of the Summons and Complaint on July 12, 2011. (Dkt. No. 7). Neither Larry Wilcox nor Larissa Wilcox has answered the Complaint or appeared in this action. On October 5, 2011, Nationstar filed an application for Entry of Default against Larry Wilcox and Larissa Wilcox. (Dkt. No. 10). The Clerk of Court entered default against Larry Wilcox and Larissa Wilcox on October 18, 2011. (Dkt. No. 13).

On March 6, 2012, Nationstar filed the instant Motion for Default Judgment (the "Motion") (Dkt. No. 15), along with a Memorandum in Support (Dt. No. 16); a Declaration of Amounts Due (Dkt. No. 17); a Declaration of Counsel in Support of Motion for Default Judgment (Dkt. No. 18); and a Declaration of Counsel in Support of Costs and Attorney's Fees (Dkt. No. 19). In this Motion, Nationstar seeks a default judgment for debt against Larry Wilcox

3

for the entire amount due under the Note, plus expenses, interest, and attorney's fees; and foreclosure against the Wilcoxes.

Nationstar argues that the procedural elements for default judgment have been satisfied because the Wilcoxes were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants, incompetent persons, nor in the military service. (Dkt. No. 16 at 3-4). Nationstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Larry Wilcox executed the Note, and the Wilcoxes executed the Mortgage; Nationstar has possession of the original Note and is the holder of the Mortgage; Larry Wilcox defaulted under the terms of the Note, and the Wilcoxes defaulted under the terms of the Mortgage; Nationstar gave Larry Wilcox proper notice of the default and he failed to cure the default; and Nationstar elected to accelerate the amounts due and owing upon default, and to foreclose on the Property. *Id.* at 4. In addition, Nationstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 5-8. Nationstar further asserts that it is entitled to an award of costs and attorney's fees incurred in the prosecution of this action. *Id.* at 8.

In support of the Motion, Plaintiff filed a Declaration of Amounts Due, signed by Richard Leos, Assistant Secretary at Nationstar Mortgage, LLC, which sets forth the total amounts due and owing to Nationstar through January 3, 2012: $213,226.94 in unpaid principal balance; interest at 6.875% from July 1, 2010 through January 3, 2012 in the amount of $22,069.31; property taxes of $1,380.96; property inspection charges of $60.90; a Broker's Price Opinion of $90.00; and a combined total of $236,828.11. (Dkt. No. 17, ¶ 16). Mr. Leos asserts that interest accrues at the per diem rate of $40.16. *Id.*

4

In the Declaration of Counsel in Support of the Motion, A. Jennings Stone, Esq. averred that his office investigated whether Larry Wilcox and Larissa Wilcox were in the military service by conducting searches on the Department of Defense Manpower Data Center website on March 5, 2012. That research revealed that neither Larry Wilcox nor Larissa Wilcox was in the military service of the United States, as defined in the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 521. (Dkt. Nos. 18, 18-1). Mr. Stone also declared that, "upon information and belief after reasonable inquiry, I am informed and do believe that the Wilcoxes are neither [ ] minors nor incompetents." (Dkt. No. 18, ¶ 8).

Attorney Stone also submitted a Declaration in support of costs and attorney's fees which provided an accounting of professional legal services incurred in this matter through March 5, 2012, totaling $3,337.50, and costs totaling $702.48. (Dkt. No. 19). In its Memorandum of Law, Nationstar asserts that because the Wilcoxes "contractually obligated themselves to reimburse Nationstar for its costs and attorney['s] fees" related to these foreclosure proceedings, Nationstar seeks recovery of its legal expenses as part of the Judgment. (Dkt. No. 16 at 8).

On March 18, 2013, the Court ordered Nationstar to file a supplemental declaration in which it would bring current all monetary amounts sought as of the date of filing, and to explain how any additional amounts sought, beyond those identified in the March 6, 2012 filing, were calculated and the basis therefor. (Dkt. No. 20).

On May 22, 2013, Nationstar filed a supplemental "Declaration of Amounts Due," signed by Daniel Robinson, Assistant Secretary at Nationstar Mortgage, LLC, who reviewed the Nationstar business records pertaining to the Wilcox Note and Mortgage. (Dkt. No. 28). Mr. Robinson updated the amounts due and owing Nationstar through May 8, 2013, as follows: $213,226.94 in unpaid principal balance; interest at 6.875% from July 1, 2010 to May 8, 2013 in

5

the amount of $41,815.88; escrow advances of $3,841.22; corporate advances of $187.50; and a combined total of $259,071.54. *Id.* ¶ 15. Nationstar is not seeking any late payments. *Id.* Mr. Robinson declared that the corporate advances consist of property inspection and "Broker's Price Opinion," and that the escrow advances consist of property tax advances. *Id.* ¶ 17, 18.

The Court finds that the Robinson Declaration satisfies the Court's March 18, 2013 Order by bringing current all monetary amounts sought as of the date of filing, and explaining the charges included in the escrow and corporate advances.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default

6

judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain,* 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A. Default Judgment

Nationstar has satisfied all of the requirements necessary to obtain a default judgment against the Wilcoxes. It has properly shown that: (1) defaults were entered against both Larry Wilcox and Larissa Wilcox by the Clerk of Court (Dkt. No. 13); (2) neither Larry Wilcox nor Larissa Wilcox has appeared in this action; (3) neither Larry Wilcox nor Larissa Wilcox is an infant or an incompetent person (Dkt. No. 18, ¶ 8); and (4) both Larry Wilcox and Larissa Wilcox were validly served with process. (Dkt. Nos. 6, 7). In addition, Nationstar provided copies of Military Status Reports from the Department of Defense Manpower Data Center showing that neither Larry Wilcox nor Larissa Wilcox is in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 18-1). Nationstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. Nos. 17, 28).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Wilcox's breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Wilcox Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal

7

communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate and the Court will grant Nationstar's Motion for Default Judgment.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 17-2, ¶ 6; Dkt. No. 17-3, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Cf. Williams v. United Corp.*, 2009 WL 321339, at *2 (V.I. Jan. 7, 2009) (observing that the inclusion of attorney's fees within the definition of reasonable costs is derived from § 541).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases).

The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the

Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

The Court finds that the 13.35 hours billed for the legal work on this case were reasonably expended. Further, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). The Court therefore concludes that the $250.00 per hour rate charged here is reasonable and falls within the scope of rates for such services. (Dkt. No. 19 ¶ 6). Accordingly, the Court finds that the attorney's fees sought by Nationstar in the amount of $3,337.50 is reasonable.

With regard to costs, under the terms of the Mortgage, the Wilcoxes agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 17-3, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $702.48 for the following costs: title search, recording fees, On-line search on Accurint (People/Business search), filing fees for Complaint, messenger service, process server, and postage. (Dkt. No. 19-1 at 2). Having determined that the costs incurred are reasonable, the

9

Court—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $702.48.

## CONCLUSION

Nationstar has satisfied the requirements necessary for entry of a default judgment against Larry Wilcox and Larissa Wilcox, and has presented a reasonable request for attorney's fees and costs. Accordingly, Plaintiff's Motion for Default Judgment and request for attorney's fees and costs will be granted. (Dkt. No. 15). The Court will award $3,337.50 in attorney's fees and $702.48 in costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: July 5, 2013 _____/s/_____
WILMA A. LEWIS
District Judge